THE MUNICIPAL ASSEMBLY OF AÑASCO, Petitioner and Appellee, *v.* JUAN MIRANDA MÉNDEZ, MAYOR, Respondent and Appellant.

No. 3. Argued June 26, 1934.—Decided July 23, 1934.

*Pedro Baigés Gómez* for appellant.  *Bolívar Pagán* for appellee.

Mr. JUSTICE HUTCHISON delivered the opinion of the Court

█ The Mayor of Añasco was impeached, found guilty of immoral and improper conduct in his official capacity and removed from office by the municipal assembly.  Section 29 of the Municipal Law (Laws of 1931, pp. 594, 608) reads in part as follows:

"The mayor may be removed for just cause by the municipal assembly, by resolution adopted by the majority of the total membership, after said mayor has been granted a hearing and an opportunity to defend himself, either in person or through attorneys. The municipal assembly, in order to hear and decide any accusation presented against the mayor, formulated by any member thereof, by the Governor of Porto Rico or by any citizen, may meet upon call of its president, on any date, of which the mayor shall be notified, furnishing him a copy of the charges five days in advance of the date for the hearing, and when there is a quorum for the consideration of the charges preferred against the mayor, the assembly may continue in session for such time as may be necessary to decide the case definitely;. . ."

On presentation of the charges by a citizen, the president of the assembly called a meeting for the purpose of considering them and of taking such action in connection therewith as the assembly might deem proper.  At this meeting a committee was appointed to examine and report on the charges. The committee reported that the charges, if true, would be sufficient ground for removal and recommended impeachment and suspension from office pending a determination of the question.  No evidence was adduced in support of the charges and no preliminary investigation as to the merits thereof was attempted.  The only purpose of the meeting seems to have been to pass on the sufficiency of the charges as formulated and to determine whether or not the statutory proceeding should be instituted.  Section 29 of the law does

not require that any notice of such a meeting be served upon the Mayor.

The meeting referred to in the preceding paragraph was held October 16, 1933. At that time the municipal assembly approved the report of its committee, ordered the suspension of the Mayor from office, fixed as a day for a hearing October 31, authorized the employment of an attorney to aid and advise the assembly during the course of its proceedings and ordered the service of notice upon the Mayor with a copy of the charges in question. A resolution dated November 8, reads in part as follows:

"WHEREAS, This Municipal Assembly in its judicial special session held at 9 a. m. on October 16, 1933, resolved that the hearing of the charges brought by citizen Pedro Alvarez Pesante against the Mayor of the Municipality of Añasco, Juan Miranda Méndez, be held at 9 a. m. on October 31, 1933, and that such hearing could not be held on the above date owing to the absence of attorney Bolívar Pagán, legal advisor of this Municipal Assembly, but that it voted a resolution for holding the said hearing at 2 p. m. on November 8, 1933;

"WHEREAS, Attorney Pagán is still absent in the United States and will arrive in Puerto Rico next week according to a telegram received by the Municipal Assembly;

"WHEREAS, The reasons for the suspension of this hearing continue and made a new suspension to another date necessary;

"Now, THEREFORE, *Be it resolved by the Municipal Assembly of Añasco, Puerto Rico:*

"*First.*—The hearing of the charges brought by Mr. Pesante against the Mayor of this Municipality, Juan Miranda Méndez, is hereby postponed to November 23, 1933, at 2 p. m."

The Mayor registered his protest against this postponement and applied to the District Court for a writ of certiorari. The court issued the writ and the municipal assembly, pursuant to the terms thereof, on November 23 suspended the impeachment proceedings pending further action by the court. Later, the district court dismissed the certiorari proceedings and the municipal assembly named

February 5, 1934 as the day for a hearing. By proclamation February 5 was made a holiday and the municipal assembly on February 3 again postponed the hearing. On February 21 it set the hearing for February 26.

While these dilatory tactics do not strengthen our confidence in the good faith of the assembly, the delay, due in part to the interruption caused by the certiorari proceeding, is not enough to justify us in disturbing the result.

■ At the commencement of the hearing the mayor moved that by reason of certain facts somewhat vaguely indicated in his motion the president of the assembly should declare himself disqualified to act as a fair and impartial judge and should abstain from further participation in the proceedings. The president stated that he was not prejudiced against the Mayor and was disposed to render a verdict either of acquittal or of conviction. The Mayor then offered to produce evidence in support of his motion. The assembly overruled the motion. It is not probable that proof of the facts stated in the motion would have affected the result and the error, if any, in denying the motion was not reversible error. Here we may add by way of limiting the scope of this opinion as a precedent, that if the grounds of the motion had been more specific a different conclusion might have been reached.

■■ Another meeting of the assembly held March 5 was adjourned on motion of the assembly's legal advisor to March 12, when the hearing was concluded. This adjournment is assigned as error. The motion for adjournment was based on the fact that the legal advisor was engaged in the discharge of his duties as a Senator in the Insular Legislature. This adjournment of a few days was a matter within the discretion of the municipal assembly and, without more is not a sufficient ground for reversal of the final result.

From the stenographic record we take the following extract:

"Q.—Do you know Pedro Alvarez Pesante and Bruno Santos?
"A.—Yes.

"Q.—Have you had an opportunity to talk with either of these gentlemen in connection with the election as mayor of Juan Miranda Méndez of this municipality?

"A.—Yes, I was in the house of Mr. Pichan, municipal minor surgeon, at a meeting of a political nature and at that time the nominations of member of the House of Representatives and of candidate for mayor were being made.

"Q.—Were the political tickets being prepared?

"A.—Yes.

"The Assembly, through its legal adviser, attorney Bolívar Pagán, objects to the above question.

"Attorney Baigés Gómez refers to the connection existing with Pedro Alvarez Pesante who aspired to be mayor of Añasco and who for the sole purpose of gratifying his aspirations has filed charges Juan Miranda Méndez and is interested in having the defendant removed as mayor.

"Assemblyman Domingo Guzmán moves to have the question asked by attorney Baigés Gómez declared irrelevant and his motion, having been seconded by Juan Román, is approved without opposition.

"Attorney Baigés takes the following exception: 'I take exception to the resolution of the Assembly which now deprives the defendant of all the evidence in connection with the new matter in the case and maintains such resolution tends to deprive him of his right to submit to the Assembly all his new evidence to show that such interest goes back to the time when Juan Miranda Méndez was proposed for Mayor of Añasco on the coalitionist ticket and, later on, became Mayor of Añasco.

"Attorney Baigés announces that that part of the testimony of witness Apolonio Irizarry and the testimony of witnesses Luisa Pérez, Gregorio Tirado, Filomena Valentín and Julio Tirado, was offered by the defendant in order to show the interest which Pedro Alvarez Pesante had had since the last election campaign to become Mayor of Añasco, and the purpose of Bruno Santos, Municipal Assemblyman, once Juan Miranda Méndez were elected, to bring impeachment proceedings against him and have him removed. The aim of the testimony of the above witnesses was to show that Pedro Alvarez Pesante publicly expressed his purpose, once defendant herein, Juan Miranda Méndez, were elected Mayor, together with Bruno Santos, member of the Municipal Assembly and who has not taken any action

in the premises, because the Assembly so resolved, to impeach him before the assembly, in order to remove Juan Miranda Méndez as Mayor of Añasco and that by reason of the resolution of the Assembly such testimony can not be produced to be considered by the Assembly.''

The action of the assembly in excluding this evidence is assigned as error. This assignment raises the most serious of the eight questions discussed in the brief for appellant. Alvarez Pesante who preferred the charges, and Bruno Santos were the star witnesses for the prosecution. There was a sharp conflict between their testimony and that of a number of witnesses for the defense. The excluded evidence, if believed by the assembly would have established not only hostility and bias on the part of these witnesses but a preconceived plan or conspiracy to oust the Mayor from office by impeachment. Certainly the evidence was not immaterial. Nevertheless, counsel for the defense had not fully stated at the time of the motion and ruling what he intended to prove. The importance of the testimony was disclosed for the first time in the exception to the ruling. No further effort was made to pursue the inquiry along the lines indicated in the exception. No foundation was laid for the impeachment of the two witnesses in question, assuming for the sake of argument that the laying of such a foundation was necessary. This is a question not discussed in the brief for appellant and a question, therefore, which need not now be decided. · Rules of evidence and procedure can not be as rigidly enforced in cases of this kind tried before a municipal assembly as they would be on an appeal from the judgment of a district court. For these reasons we are not disposed to reverse the final decision of the municipal assembly because of the error in ruling upon a point, the importance of which had not been made to appear at the time of the ruling.

The only remaining assignment goes to a question of fact and to the weighing of the evidence. After a careful reading

of the stenographic record we find no such manifest error as to require a reversal.

The decision appealed from must be affirmed.